Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 4426 | **DATE** | March 17, 2011 |
| **CASE TITLE** | *Michael Day v. River Forest School Dist.* | | |

**DOCKET ENTRY TEXT**

The returns of service against the individual defendants are quashed, and the motion to dismiss [19-1] is granted in part and denied in part as follows: Count I is dismissed with prejudice as untimely; the motion to dismiss Count IV against the individual defendants is denied without prejudice as premature; and the motion to dismiss Count IV against the River Forest School District is denied. The parties shall report for a status hearing on May 31, 2011, at 11:00 a.m.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Michael Day alleges that over the years, the River Forest School District No. 90 has refused to hire him as either a full-time or a substitute teacher because of his race. He filed a *pro se* complaint against the school district, as well as its superintendent and assistant superintendent. The court previously dismissed some of the claims. What remains are claims alleging that the defendants violated Day's constitutional rights under the Equal Protection Clause, *see* 42 U.S.C. § 1983, as well as employment discrimination under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e, *et seq.*

The defendants have moved to dismiss Day's complaint. *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following facts are taken from Day's complaint and accepted as true for purposes of the motion to dismiss. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). During the 2005-06 school year, Day applied for a full-time teaching position with the River Forest School District, but did not receive an offer. Each school year the school district also maintains a substitute teacher call list. On October 10, 2007, Day's name was placed on that school year's list, but "[a]s of Dec. 20, 2007 district 90 had not called plaintiff to work as a substitute teacher. And defendant had not called plaintiff to work in the school year 2009-2010." Compl. [1-1] ¶ 10. According to Day, "[i]t is the policy of the defendants" to "willfully, maliciously and knowingly" refuse to hire African-Americans as full-time or substitute teachers, even when the African-American candidates are better qualified than the teachers hired. *Id.* ¶ 11. Day also alleges that the defendants "have been instructed by the district's board not to hire blacks." *Id.*

In a lawsuit he filed in 2008 that is before another judge of this court, Judge Gettleman, Day alleged claims of discrimination against River Forest School District based upon its failure to hire him in 2005-07. Judge Gettleman dismissed those claims without prejudice, though the basis of the dismissal is not clear from the

docket. *See* Case No. 08 CV 5981 (N.D. Ill.). Between the filing of that case and the dismissal without prejudice, Day filed a charge of discrimination with the Illinois Department of Human Rights and the EEOC, alleging that he applied to be a substitute teacher in July 2009, but was never hired because of his race. He received a right-to-sue letter dated April 14, 2010, and filed this suit on July 15, 2010.[1] Two counts remain of his original four-count complaint. In Count I, Day alleges that the defendants violated his rights under the Equal Protection Clause by failing to hire him in response to his online application during the 2005-06 school year and his placement on the substitute teacher list on October 7, 2007. In Count IV, he alleges Equal Protection and Title VII claims based on the defendant's failure to hire him as a substitute teacher after he applied in July 2009.

The defendants have advanced several arguments for dismissing both Counts I and IV. The court addresses each argument in turn.

## ANALYSIS

**I.     Standard of Review**

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit explained that this "[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted); *see also McCormick v. City of Chicago*, 230 F.3d 319, 322-24 (7th Cir. 2000) (stating that claims under 42 U.S.C. § 1983 are not subject to a heightened pleading standard, but are only required to set forth sufficient allegations to place the court and the defendants on notice of the gravamen of the complaint).

However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In *Ashcroft v. Iqbal,* the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F. 2d 366, 368 (7th Cir. 1992). Nevertheless, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F. 3d 599, 603 (7th Cir. 2009).

**II.     Count I  (Allegations of Discrimination During 2005-06 and 2006-07 School Years)**

First, the defendants contend that the Equal Protection claims alleged under 42 U.S.C. § 1983 in Count I are time-barred. Claims brought under § 1983 based upon conduct that occurred in Illinois must be brought within 2 years of the conduct alleged. *See Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 805 (7th Cir. 2008). Day alleges that he was not hired after applying for a full-time position during the 2005-06 school year, and for a substitute position for the 2007-08 school year. However, he did not file suit until July 2010, more than two years after the end of the latest school year for which he applied.

Nevertheless, Day contends that the defendants' failure to hire him is a continuing violation, noting his allegation in Count I that after filing his application and obtaining a place on the substitute teacher list in the years 2005-07, the defendants continued to fail to hire him during the 2009-10 school year. "The continuing violation doctrine allows a complainant to obtain relief for a time-barred act . . . by linking it with acts that fall within the statutory limitations period." *Filipovic v. K & R Express Syst., Inc.*, 176 F.3d 390, 396 (7th Cir.1999). However, according to Day's allegations, the school district created and maintained lists for each school year. Therefore, he has not plausibly suggested that his applications for work during the 2005-06 and 2007-08 school years would have carried over to the 2009-10 school year. As a result, he has failed to sufficiently allege any basis for applying of the continuing violation doctrine.

In addition, the defendants seek dismissal of Count I on the basis of *res judicata*, given the similarity of Day's allegations before this court and those he raised in the complaint filed in the case before Judge Gettleman. However, because the court has concluded that the claims brought before this court are time-barred, it need not address the defendants' arguments about dismissal on the basis of *res judicata*.

Accordingly, the claims alleged in Count I are untimely, and the motion to dismiss those claims is granted.

**III.    Count IV (Allegations of Discrimination During 2009-10 School Year)**

The defendants argue first that Count IV should be dismissed against the administrator and assistant administrator because (1) they are not liable under the Equal Protection Clause because Day failed to allege any personal involvement by them, and (2) they are not liable under Title VII because they were not Day's employer. In addition, they argue that Count IV should be dismissed against all of the defendants because Day has failed to allege sufficient facts to support his claim of racial discrimination either under the Equal Protection Clause or Title VII.

**A.    Individual Defendants**

At the outset, the court notes that within the defendants' memorandum in support of their motion to dismiss, they ask the court to quash the returns of service of the superintendent and assistant superintendent, who are identified by Day only by title, not name. According to the returns of service, the superintendent was served by leaving the summons with his secretary, while the assistant superintendent was never served because there is no such position within the school district.

In Illinois, service on an individual must be effected by either delivering a copy of the summon and complaint to the defendant personally or by leaving it with someone in the defendant's home who is at least 13 years old. *See* 735 Ill. Comp. Stat. 5/2-203. Thus, leaving the summons with the superintendent's secretary was ineffective.[2] Likewise, service on the assistant superintendent was ineffective because it never occurred. Accordingly, the returns are quashed.

Because the individuals have not yet been served, the court denies without prejudice as premature the motion to dismiss the claims against them. However, in the interests of efficiency, the court notes that the § 1983 official capacity claims against the individuals are duplicative of the § 1983 claim against the school district itself and, therefore, are subject to dismissal with prejudice. *See Gossmeyer v. McDonald*, 128 F.3d 481, 494 (7th Cir. 1997) ("An official capacity claim against an individual defendant constitutes a claim against the government entity itself.").

| STATEMENT |
|---|

As for the Title VII claims against the individuals, liability under Title VII extends only to an employer. *See Williams v. Banning*, 72 F.3d 552, 554 (7th Cir.1995) (individuals who do not meet Title VII's definition of employer cannot be held liable under Title VII). According to Day's allegations, the employer with whom he sought employment was the River Forest School District, not the superintendent and assistant superintendent. Therefore, the Title VII allegations also fail to state a claim.

That leaves the § 1983 individual capacity claims. A defendant is liable under § 1983 in his individual capacity only if he was personally responsible for the deprivation of the plaintiff's constitutional rights. *See Johnson v. Doe*, No. 10 CV 3440, 2011 WL 149315, at *1 (N.D. Ill. Jan. 14, 2011). Therefore, to succeed on an Equal Protection claim against a defendant in his individual capacity, the plaintiff must show that the defendant personally treated him differently from similarly situated individuals based on Day's race. *See Muczynski v. Lieblick*, No. 10 CV 81, 2011 WL 613573, at *3 (N.D. Ill. Feb. 11, 2011).

A careful review of the complaint reveals no allegations of personal involvement by the administrator or assistant administrator in the decision not to hire Day as a substitute teacher during the 2009-10 school year. Accordingly, the § 1983 claims against them in their individual capacity as currently alleged are also subject to dismissal.

If Day intends to properly serve and proceed against the individuals, the court admonishes him to bear in mind the shortcomings of his current allegations against them. It also admonishes him to identify and serve the defendants by name, not just title.

Accordingly, the returns of service as to the administrator and assistant administrator are quashed. The motion to dismiss the claims against them is denied without prejudice as premature. To the extent that Day attempts to replead claims against the superintendent or assistant superintendent, he should ensure that he does not replead claims that the court has already found are not actionable.

### B. River Forest School District

Finally, the defendants seek dismissal of Count IV against the River Forest School District, arguing that Day has failed to allege facts to support his claim of race discrimination under the Equal Protection Clause, or a *prima facie* case of discrimination under Title VII.

To succeed on a § 1983 Equal Protection claim against the school district, Day must show that the alleged violation of his constitutional rights occurred as the result of (1) an express policy, (2) a widespread practice, or (3) conduct of a person with final policymaking authority. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). To establish a *prima facie* case of a failure to hire, Day must show that (1) he is a racial minority, (2) he applied for and was qualified for a job for which the school district was seeking applicants, (3) despite being qualified, he was rejected, and 4) after being rejected, the position remained open and the school district continued to seek applications from persons with qualifications similar to Day's. *See EEOC v. Target Corp.*, 460 F.3d 946, 956 (7th Cir. 2006).

The school district contends that Day has failed to allege facts in support of each of the elements of his claims. However, under Rule 8(a), a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has repeatedly held that a plaintiff can allege employment discrimination quite generally, even after the Supreme Court's refinement of the standards of notice pleading. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th

# STATEMENT

Cir.2008) ( "Once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [sex], there is no further information that is both easy to provide and of clear critical importance to the claim") (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781-82 (7th Cir.2007)). Thus, to survive a motion to dismiss, an employment discrimination complaint need not allege facts in support of each element but, rather, is sufficient if it alleges that the employer subjected the employee to an adverse employment action on a prohibited basis, such as race. *See Tamayo*, 526 F.3d at 1084 ("a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex").

Turning now to the allegations of Day's complaint, he has alleged that the district's board instructed district employees "not to hire blacks. . . . They have given instructions to their hiring and a placement staff to not hire blacks and how to do it." Compl. [1-1] ¶¶ 11-12. Day further alleges that pursuant to this policy, the district refused to hire him as a substitute teacher after he applied to become one in July 2009. These allegations identify the basis of Day's claim as one of race discrimination carried out under a school district policy. Accordingly, the allegations sufficiently apprise the defendants of the nature of Day's claim, and plausibly suggest a grounds for relief under both the Equal Protection Clause as well as Title VII. Accordingly, the motion to dismiss Count IV against the school district under Rule 12(b)(6) is denied.

River Forest School District also seeks to dismiss Day's request for punitive damages. Although Day cannot recover punitive damages from the school district, *see Robinson v. City of Harvey*, 617 F.3d 915, 916 (7th Cir. 2010), it would be premature to determine whether he might get them against any individual defendants he successfully serves. Therefore, the motion to dismiss his request for punitive damages is denied without prejudice.

# CONCLUSION

For the reasons stated, the returns of service against the individual defendants are quashed, and the motion to dismiss [19-1] is granted in part and denied in part as follows: Count I is dismissed with prejudice as untimely; the motion to dismiss Count IV against the individual defendants is denied without prejudice as premature, while the motion to dismiss Count IV against the River Forest School District is denied. The parties shall report for a status hearing on May 31, 2011, at 11:00 a.m.

rs/cpb

1. A plaintiff has 90 days from his receipt of a right-to-sue letter to file suit. *See* 42 U.S.C. § 2000e-5(f)(1). The court notes that Day has not alleged the date on which he received the April 14, 2010, right-to-sue letter. The defendants have not argued that Day's suit, filed 92 days after the date on the right-to-sue letter, was untimely and so the court shall not address the issue at this time. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (the 90-day deadline to file suit is not jurisdictional and subject to waiver).

2. The court acknowledges that the superintendent was also sued in his official capacity, but an official capacity against a school district superintendent is really just a claim against the school district itself. Therefore, what matters is whether the superintendent was properly served as an individual.