# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 4426 | **DATE** | September 29, 2011 |
| **CASE TITLE** | *Michael Day v. River Forest School District, et al.* | | |

**DOCKET ENTRY TEXT**

The defendants' motion to stay [65-1] is denied, Day's motion for leave to file a Third Amended Complaint [68-1] is granted, and the motion to dismiss the Second Amended Complaint [63-1] is denied as moot. The clerk is directed to file as a separately docketed entry Day's proposed Third Amended Complaint, which is currently attached as Exhibit 1 to Day's motion for leave [68-1]. The docket entry shall refer to the document as the Third Amended Complaint. On its own motion under Federal Rule of Civil Procedure 12(f), the court strikes from paragraph 11 of the Third Amended Complaint the following sentences: "Plaintiff has attempted to acquire work from the defendant as a regular teacher filling out an on-line application (2006-2007 school year). The defendant did not give plaintiff a position as a regular teacher. Plaintiff is better qualified than other teachers that the district hired and those not in plaintiff's protected class, non-white (black persons)." The defendants shall file their answer or other responsive pleading no later than October 25, 2011.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

# STATEMENT

Defendant Michael Day has sued the River Forest School District and its superintendent, Thomas Hagerman, alleging that they discriminated against him by failing to hire him as a substitute teacher.[1] Before the court are three motions. First, the defendants seek to stay this case because of failure to hire allegations against River Forest School District Day made in a case pending before the Seventh Circuit Court of Appeals. Second, the defendants seek to dismiss Day's Second Amended Complaint. Third, Day seeks leave to file a Third Amended Complaint. The court addresses each motion in turn.

**Motion to Stay [65-1]**

The defendants seek to stay these proceedings based upon an appeal pending before the Seventh Circuit Court of Appeals. The appeal involves employment discrimination claims Day brought against River Forest School District as well as numerous other unrelated employers in 2008. *See* Case No. 08 CV 5981 (N.D. Ill.). The judge presiding over that 2008 case dismissed all of the defendants except for the first-named defendant, Multi-Temp, presumably under Federal Rule of Civil Procedure 21 based upon misjoinder. *See* Order dated April 6, 2010, Case No. 08 CV 5981 (N.D. Ill.). Later, the judge dismissed the entire case for want of prosecution. Day has appealed both dismissal orders.

The defendants to the case before this court seek a stay in light of Day's appeal pending before the Seventh Circuit. In support, they contend that the claims presented before this court are "nearly identical" to the claims alleged in the case on appeal.

| STATEMENT |
|---|

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Texas Independent Producers and Royalty Owners Ass'n v. Environmental Protection Agency*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "A stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery." *Id.* (quoting *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir. 1970)).

Although the cases before this court and the Seventh Circuit both involve Michael Day and River Forest School District, they involve discrete acts. Specifically, the claims brought in the case pending before the Seventh Circuit involve Day's failure-to-hire allegations regarding the 2006-07 and 2007-08 school years. In contrast, the only claims that Day alleged in the complaint filed in the case pending before this court (which have not been dismissed with prejudice) are his refusal to hire claims regarding the 2009-10 school year. Each refusal to hire is a discrete act, as opposed to a single series of continuing violations. *See National Railroad v. Morgan*, 536 U.S. 101, 114 (2002).

The defendants appear to argue that because Day can succeed on his Equal Protection claims against the school district only by establishing a policy or practice of discrimination under *Monell*, the school district's alleged conduct is actually a continuing violation. *See* Motion to Stay [65-1] at 5. However, their argument is undeveloped and cites no authority to support the position that a policy or practice of discrimination is a continuing violation as opposed to discrete discriminatory acts as held in *National Railroad*. *See White Eagle Cooperative Ass'n v. Conner*, 553 F.3d 467, 476 n.6 (7th Cir. 2009) (undeveloped arguments unsupported by citations to authority are forfeited).

Accordingly, the claims brought in the case on appeal are discrete from the claims at issue before this court and, therefore, the defendants have not identified "same or controlling issues" that would support the issuance of a stay in this case.

For the preceding reasons, the motion for a stay is denied.

**Motion to Dismiss Second Amended Complaint [63-1] and Motion for Leave to File Third Amended Complaint [68-1]**

The court previously dismissed the following claims from Day's original complaint with prejudice:

> a claim of free speech under the First Amendment against the school district and superintendent Hagerman;
>
> a state law claim of promissory estoppel against the school district;
>
> Equal Protection claims against Hagerman in both his official and individual capacity based upon alleged refusals to hire him as a regular teacher during the 2005-06 school year or as a substitute teacher during the 2007-08 school year;
>
> an Equal Protection claim against Hagerman in his official capacity based upon an alleged refusal to hire him as a substitute teacher during the 2009-10 school year;

> a claim of race discrimination under Title VII against Hagerman;
>
> a claim of age discrimination under the Age Discrimination in Employment Act against Hagerman and the school district.

The court dismissed the following claim without prejudice to Day repleading the claim in an amended complaint:

> an Equal Protection claim against Hagerman in his individual capacity based upon an alleged refusal to hire him as a substitute teacher during the 2009-10 school year.

The court denied the defendant school district's motion to dismiss the Title VII claim against it.

Following these dismissals, Day filed what he entitled a Second Amended Complaint. Construed liberally, the *pro se* complaint included the following claims: (1) individual and official capacity claims against Hagerman under the Equal Protection clause alleging refusals to hire him as a teacher during the 2006-07 school year or a substitute teacher during the 2009-10 school year; (2) a claim of race discrimination under Title VII and age discrimination under the ADEA against the school district; and (3) an Equal Protection claim against the school district. The defendants filed a motion to dismiss the Second Amended Complaint on the following bases: (a) Day violated an order the court issued on May 23, 2011, which directed him to file an amended complaint that included only claims that had either not been dismissed or dismissed without prejudice; (b) the claims are nearly identical to claims filed in the suit pending on appeal and, therefore, subject to dismissal under Federal Rule of Civil Procedure 12(f); (c) the allegations of Day's *pro se* complaint are commingled and, therefore, do not satisfy the pleading requirements of Federal Rules of Civil Procedure 8 and 10, and are baseless under 28 U.S.C. § 1915(d); and (d) the Second Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6).

In response to the defendants' motion to dismiss the Second Amended Complaint, Day filed a motion for leave to file what he entitles his Third Amended Complaint. The proposed Third Amended Complaint omits most of the previously dismissed claims found in the Second Amended Complaint. Construed liberally, the proposed Third Amended Complaint alleges the following claims: (1) an individual capacity claim against Hagerman under the Equal Protection clause alleging a refusal to hire during the 2006-07 and 2009-10 school years (Count I); (2) a claim of race discrimination under Title VII against the school district based on an alleged refusal to hire during the 2009-10 school year (Count II); and (3) an Equal Protection claim against the school district based on an alleged refusal to hire him during the 2009-10 school year (Count III). The defendants have filed a response to Day's motion for leave in which they contend that Day is not entitled to leave under Federal Rule of Civil Procedure 15(a).

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be given freely "when justice so requires." Leave need not be granted in every case, however. *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). Reasons to deny leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The defendants contend that Day's motion for leave to amend should be denied for three reasons: (1) futility;

(2) undue delay and prejudice; and (3) Title VII claims against Hagerman are outside the scope of his EEOC charge.

### A. Futility

The defendants contend that the proposed amendments are futile because they fail to correct the deficiencies of the original complaint. Because Day is a *pro se* litigant, the court will construe his pleadings liberally. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) ("It is the well-settled law of this circuit that *pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers.").

Day's proposed Third Amended Complaint has omitted almost all of the claims previously dismissed with prejudice. The only allegations touching upon a previously dismissed claim are those in which Day contends he was not hired as a teacher during the 2006-07 school year which, as the court explained in its March 17, 2011, order, is time-barred because it involves conduct that occurred more than two years before Day filed suit. In light of Day's *pro se* status and the fact that he has omitted from the complaint almost all of the other claims previously dismissed with prejudice, the court believes that justice will be more efficiently administered by striking the allegation from the proposed Third Amended Complaint rather than by the delay that would result from allowing Day another chance to replead his claim. Accordingly, under Federal Rule of Civil Procedure 12(f), the court strikes the following immaterial allegation from paragraph 11 of Day's Third Amended Complaint: "Plaintiff has attempted to acquire work from the defendant as a regular teacher filling out an on-line application (2006-2007 school year). The defendant did not give plaintiff a position as a regular teacher. Plaintiff is better qualified than other teachers that the district hired and those not in plaintiff's protected class, non-white (black persons)." *See Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 CV 6446, 2011 WL 221838, at *6 (N.D. Ill. Jan. 24, 2011) (district court has discretion to *sua sponte* strike matters from a pleading under Rule 12(f) in order to expedite a case).

As for the Equal Protection claim against Hagerman in his individual capacity that was dismissed without prejudice, Day has added allegations regarding Hagerman's personal involvement in the decision not to hire him that were missing from the original complaint and led to the claim's dismissal. For instance, Day now alleges that the school district "and the superintendent have given instructions to their hiring and placement staff to not hire blacks and how to do it. The superintendant was aware of the district's long hiring policy against blacks, discussed it with various board members and when black persons were to come up for hiring considerations by the superintendant he told the staff not to hire them. He did the same for plaintiff in his efforts to apply for work in 2009 with the district." Proposed Third Amended Complaint (attached as exhibit 1 to motion for leave) [68-1]. The allegations sufficiently apprise the defendants of the nature of Day's claim against Hagerman and, therefore, his amendment is not futile. *See* Fed. R. Civ. P. 8(a)(2) (a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief.").

### B. Undue Delay and Prejudice

Next, the defendants argue that Day's motion for leave to amend should be denied because it would cause undue delay and prejudice them. Specifically, they assert that they would be prejudiced by having to respond to an amended complaint that is "merely a regurgitation of these prior claims, which have been found inactionable or deficient." Response [72-1] at 10. However, as noted above, and in light of Day's *pro se* status, the proposed Third Amended Complaint shows substantial progress over Day's earlier complaints. In light of the court's order striking allegations from paragraph 11 regarding his attempt to obtain a job as a

| STATEMENT |
|---|

teacher in 2006-07, the proposed Third Amended Complaint now omits all claims previously dismissed with prejudice, and adequately alleges an Equal Protection claim against Hagerman in his individual capacity.

Accordingly, the court believes that justice will be more efficiently served, and any further delay shall be avoided, by granting Day leave to file his proposed Third Amended Complaint.

### C. Title VII Claims Against Hagerman

The defendants also argue that the motion for leave to amend should be denied to the extent that Day has alleged a Title VII claim against Hagerman. According to the defendants, the court previously dismissed Title VII claims against Hagerman because Hagerman was not an employer and therefore has no liability under Title VII.

Even though Count II incorporates by reference allegations from Count I that Hagerman failed to hire Day based on race, Count II is entitled "Defendant River Forest School District 90 Violated Plaintiff's Rights Under Title VII, 42 U.S.C. § 2000, et seq." Moreover, Day alleges only that he filed a charge of discrimination with the EEOC regarding the "defendant district," and that the "[d]efendant district discriminated against plaintiff." Proposed Third Amended Complaint (attached as exhibit 1 to the motion for leave) [68-1] ¶¶ 17, 19. Nowhere does the proposed Third Amended Complaint evince any attempt to allege a Title VII claim against Hagerman. Therefore, Count II does not present a basis for denying Day's motion for leave to amend.

Therefore, Day's motion for leave to file his proposed Third Amended Complaint is granted.

### CONCLUSION

For the reasons stated, the defendants' motion to stay [65-1] is denied, Day's motion for leave to file a Third Amended Complaint [68-1] is granted, and the motion to dismiss the Second Amended Complaint [63-1] is denied as moot. The clerk is directed to file as a separately docketed entry Day's proposed Third Amended Complaint, which is currently attached as Exhibit 1 to Day's Motion for Leave [68-1]. The docket entry shall refer to the documents as the Third Amended Complaint.

rs/cpb

1. Day also named as a defendant the "Assistant Superintendent" of the River Forest School District. However, according to the school district, no such position exists. In addition, Day never achieved service on such a person. Accordingly, the court dismissed all claims against the "Assistant Superintendent." For the sake of simplicity and ease of reading, the remainder of this order ignores that "Assistant Superintendent" was ever a named defendant.