# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 4426 | **DATE** | September 4, 2012 |
| **CASE TITLE** | *Michael Day v. River Forest School District 90,* et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Michael Day's objections to various rulings of the assigned magistrate judge [148] are overruled. Consistent with this court's April 23, 2012, order, the defendants may file a dispositive motion without obtaining further permission from this court. Any such motion shall be filed by October 2, 2012. The response shall be filed by November 2, 2012. The reply shall be filed by November 16, 2012. The ruling shall be by mail unless the parties are otherwise notified.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

On April 6, 2012, Magistrate Judge Cox entered an order finding that all matters relating to the referral of this case had been resolved. Thirteen days later on April 19, plaintiff Michael Day filed a motion asking this court to re-refer the case to the assigned magistrate judge for additional discovery or, in the alternative, an extension of time to file objections to various rulings on discovery matters made by the magistrate judge. The court denied the motion without prejudice because Mr. Day had failed to identify the specific rulings that would be the subject of his objections, and because any objections would appear to be untimely and Mr. Day had not explained why he had failed to object any earlier. The court gave Mr. Day until May 4, 2012, to renew his motion containing the additional detail requested.

On May 8, 2012, Mr. Day filed a document entitled "Plaintiff Objections to Magistrate Findings and Recommendation and Reasons Why Such Are Timely." In it, he identifies the specific rulings by the magistrate judge to which he seeks to object. They are as follows:

1. The December 8, 2011, order denying his request to extend the January 23, 2012, discovery deadline;

2. The January 12, 2012, order limiting him to serving an additional 10 interrogatories on the defendants;

3. The February 14, 2012, order in which Mr. Day contends that the magistrate judge held that the defendants had complied with Mr. Day's requests for documents; and

4. The April 6, 2012, order terminating the referral to the magistrate judge.

**STATEMENT**

Mr. Day also asks this court to reconsider its own February 13, 2012, order in which it denied his objection to the magistrate judge's February 8, 2012, order limiting the time period for which he could obtain records from the school district to the 2008-09 and 2009-10 school years.

## ANALYSIS

Orders on routine discovery issues are considered to be nondispositive under Rule 72(a) and, therefore, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, No. 87 CV 2496, 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988). Rather, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). The burden of establishing clear error falls on the objecting party. *See American Hardware Mfrs. Ass'n v. Reed Elsevier Inc.*, Case No. 03 CV 9421, 2007 WL 1438470, at *1 (N.D. Ill. May 11, 2007).

**I.     TIMELINESS**

    **A.     Timeliness of Renewed Objection**

Before the court takes up the merits of Mr. Day's objections, it shall address the timeliness of Mr. Day's filings. The court directed Mr. Day to file his renewed objection by May 4, 2012. He filed it late on May 8, 2012. The defendants ask the court to strike the renewed objection as untimely. However, according to Mr. Day, on May 4, 2012, he woke up dizzy, and had been recently told by his doctor that he likely suffers from diabetes. Mr. Day states that his condition on May 4, 2012, prevented him from meeting the court's deadline, and that he filed his renewed objection as soon as his condition improved. In an exercise of its discretion, the court will consider his late-filed renewed objection, but cautions him that he must request an extension if he believes he should be allowed to submit further untimely filings.

    **B.     Timeliness of Objections to December 8, January 12, & February 14 Orders**

Although the court has exercised its discretion to consider the late-filed objection, Mr. Day faces another timeliness hurdle. Three of the four orders of the magistrate judge to which he objects were filed months before he first sought to object to them. Specifically, (1) the December 8, 2011, order denying his request to extend the discovery deadline, (2) the January 12, 2012, order limiting him to 10 additional interrogatories; and (3) the February 14, 2012, order regarding the adequacy of the defendants' document production, were all issued at least two months before Mr. Day filed his initial objection on April 19, 2012. His objections to those orders came well after the 14-day deadline provided by Federal Rule of Civil Procedure 72(a) for objections to rulings on nondispositive matters such as discovery issues. *See* Fed. R. Civ. P. 72(a). A party who misses the 14-day deadline waives his right to object to the magistrate judge's order. *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986); *see also* Rule 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

While that 14-day deadline is not jurisdictional, *see Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir.2000), the parties and the court are not free to ignore it. Rather, the court should take into account whether the objections are egregiously late and whether the delay in filing them has caused any prejudice in determining

whether to consider the late-filed objections. *See id.* at 786-87 (internal quotations and citation omitted). The decision whether to consider a late-filed objection is within the court's discretion. *See Anderson v. Hale*, 159 F. Supp. 2d 1116, 1117 (N.D. Ill. 2001).

Mr. Day delayed filing his objections not a mere matter of days or weeks but, rather, between 2-4 months. Other courts have found delays of similar or even shorter duration to be waivers of the right to object under Rule 72. *See, e.g., Gardner v. Johnson*, No. 08 CV 50006, 2009 WL 972590, at *1 (N.D. Ill. Apr. 10, 2009) (55 days); Muro v. Target Corp., 250 F.R.D. 350, 358 (N.D. Ill. 2007) (63 days); *Smith v. Sprint Communication Co., L.P.*, No. 99 CV 3844 (N.D. Ill. July 3, 2003) (20 days). Although the court directed Mr. Day to identify in his renewed motion the reason for his months-long delays, he has failed to do so. Instead, he merely states that he was unaware of the requirements for objecting, and points out that the magistrate judge's orders did not warn him that objections were due within 14 days. However, the 14-day deadline is explicitly set out in Rule 72(a), and *pro se* litigants are not excused from following applicable procedural rules. *See Jackson v. Renaissance Collaborative, Inc.*, No. 09 CV 7992, 2012 WL 527524, at *7 (N.D. Ill. Feb. 16, 2012). As for not being warned, only *pro se* litigants proceeding under Rule 72(b) are entitled to a warning in the magistrate judge's order of the consequences of failing to timely object—the magistrate judge is not required to issue such warning under Rule 72(a) because that rule already contains an explicit warning. *See Goyal v. Gas Tech. Institute*, 389 Fed. Appx. 539, 543 (7th Cir. 2010) (warning required for *pro se* litigants under Rule 72(b)); *see also Caidor v. Onondaga Co.*, 517 F.3d 601, 604 (2d Cir. 2008) ("Where, as here, reading the applicable rule will warn a *pro se* litigant of the consequences of filing an untimely objection, we see no need to require that the magistrate judge inform the litigant of an appeal waiver provision."). The court therefore finds that Mr. Day's objections to the December 8, January 12, and February 14 orders of the magistrate judge to be egregiously late.

The court also finds that Mr. Day's delay resulted in prejudice. By the time that Mr. Day filed his objection, discovery had closed, the magistrate judge had finished ruling on all outstanding issues brought before her, had terminated the referral, and the defendants had already sought leave to file a motion for summary judgment. Indeed, the delayed filing of Mr. Day's objection has set back the defendants' attempt to seek summary judgment, as they have been required to wait until the court rules on Mr. Day's objections before filing their dispositive motion. *See* Docket Entry #146.

Accordingly, the court's review of the relevant factors does not persuade it to exercise its discretion to consider Mr. Day's untimely objections to the magistrate judge's December 8, January 12, and February 14 orders, and therefore his objections to those orders are overruled.

## II.    CLEARLY ERRONEOUS

The remaining magistrate judge order to which Mr. Day objects is the April 6, 2012, order terminating the referral. Mr. Day contends that the termination of the referral was premature because of outstanding discovery matters that remain unresolved. However, all but one of the unresolved discovery matters are actually his objections to the December 8, January 12, and February 14 orders. As the court has just ruled, Mr. Day's objections to those orders are untimely. In essence, Mr. Day attempts to bootstrap untimely objections to his objection to the April 6 order, an attempt the court rejects.

The lone unresolved discovery matter Mr. Day has identified, other than his untimely objections to the December 8, January 12, and February 14 orders, is his contention that a production of documents by the defendants on March 21, 2012, was inadequate. Mr. Day states that he did not have time to bring the matter to the attention of the magistrate judge before she terminated the referral, and so he raises the issue with this

court in the first instance.

The defendants produced documents on March 21 in response to orders dated February 8, 2012, and February 14, 2012. In these orders, the magistrate judge directed the defendants to produce transcripts of closed session meetings of the school board, or any other documents, regarding minority substitute teachers, information complaints from substitute teachers, and issues involving affirmative action. But Mr. Day has not identified the purported shortcoming of the production, such as a comparison of documents produced with the documents ordered produced. Rather, he states that in the defendants' response brief the defendants "do not give a description of what document[s] were sent and still do not state that they did not sen[d] to plaintiff the remaining documents where the judge had overruled their objections." Reply [155-1] at 3-4.

By arguing that the defendants have failed to establish that they complied with a discovery order, Mr. Day attempts to shift the burden away from himself to show that the magistrate judge clearly erred by terminating the referral despite outstanding discovery issues. Because he has presented no support for his assertion that outstanding issues regarding document production remained, Mr. Day has failed to establish that the magistrate judge clearly erred by terminating the referral on April 6, 2012. Accordingly, his objection to the magistrate judge's April 6 order is overruled.

## III.    MOTION FOR RECONSIDERATION

Finally, within Mr. Day's objections to rulings of the magistrate judge is a request that this court reconsider its February 13, 2012, order. In that order, the court overruled an earlier objection Mr. Day filed to a February 8, 2012, ruling by the magistrate judge limiting the school years for which he could obtain school records. In support of his motion, Mr. Day merely recounts the arguments presented in his original objection. A motion to reconsider does not afford a litigant unsatisfied with an earlier ruling a second bite at the apple. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). Because Mr. Day merely repeats the arguments he made in support of his original objection, his motion for reconsideration is denied.

## CONCLUSION

For the reasons given, the court overrules Mr. Day's renewed objections [148-1]. Consistent with this court's April 23, 2012, order, the defendants may file a dispositive motion without obtaining further permission from this court. Any such motion shall be filed by October 2, 2012. The response shall be filed by November 2, 2012. The reply shall be filed by November 16, 2012.

rs/cpb