# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| MICHAEL C. DAY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 10 C 4426 |
| v. | ) | |
| | ) | |
| RIVER FOREST SCHOOL DISTRICT 90 and THOMAS HAGERMAN, | ) | Judge Ronald A. Guzmán |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Michael C. Day has sued River Forest School District 90 ("District") and its Superintendent Thomas Hagerman for discriminating against him on the basis of race in violation of his constitutional rights and Title VII. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment on all of Day's claims. For the reasons set forth below, the Court grants the motion.

## Facts

The parties' fact statements and responses do not comply with the requirements of Local Rule 56.1. (*See*, *e.g.*, Pl.'s Resp. Defs.' Rule 56.1(a) Stmt. ¶¶ 5-6; Defs.' Resp. Pl.'s LR 56.1(b) Stmt. ¶¶ 1-3, 5-7.) Thus, in accordance with the rule, the Court will disregard any fact asserted in an LR 56.1 statement that is not supported by the record and will deem admitted any properly supported fact to which the opposing party did not appropriately respond. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008) (stating that "[d]istrict courts are entitled to strict

compliance with Rule 56.1 . . . , and a court does not abuse its discretion when it opts to disregard facts presented in a manner that does not follow the Rule's instructions" ) (quotation omitted).[1]

Michael Day is African American. (Defs.' Resp. Pl.'s LR 56.1(b) Stmt. ¶ 22.) On March 26, 2009, he submitted an online application to become a substitute teacher with the District, which is comprised of three elementary schools. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 2, 27.)

The application contains sections asking about student-teaching experiences, membership in professional organizations and review of professional periodicals, all of which Day left blank. (*See id.*, Ex. 8, Application at 00403-06.)[2] He indicated that he had previously worked as a substitute teacher but said the last time he had done so was nine years earlier. (*Id.* at 00402-03.) He also said he had a teaching certificate that was valid until June 30, 2012, but it was for teaching secondary students, *i.e.*, grades 6-12, not elementary students. (*Id.* at 00404.)

Day's application contained numerous grammatical and typographical errors. He identified the high school he attended as "lindblom,chicago,IL." (*Id.* at 00403.) He said he was available for an interview "3/22/07," two years before he filled out the application. (*Id.* at 406.) Moreover, in response to the question, "How much do you want to know about your students in order to be most helpful to them?," he said:

---

[1] Though proceeding *pro se*, Day is a seasoned litigant, and like parties represented by counsel, he is required to comply with the Court's rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *In re Michael Day*, No. 11 C 7205, Dkt. 1 (N.D. Ill.) (noting the myriad of cases Day has filed in this court).

[2] Citing to his own deposition testimony, Day denies that Exhibit 8 is an accurate copy of his application. (*See* Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 28-31, 35.) However, in the testimony he cites, he only identifies two parts of Exhibit 8, the position desired and his electronic signature, as inaccurate. (*See* Pl.'s Resp. Mot. Summ. J., Ex. GG, Day Dep. at 53-55.) Thus, the Court disregards these two portions of the application and deems admitted defendants' statements of fact about the others.

> I would want to know each one's moods and interests.note [sic] for the release of information below, I do give such release but do not waive right to be notified. I do not waive release from action where the information was created to harass and opinoions [sic] given are not based on first hand knowledge of the giver and/or where the information has little to do with this job. nor [sic] do I waive other rights under the law.

(*Id.* at 00404.)

In addition to completing an application, the District required applicants to submit, among other things, "a copy of a valid Illinois teaching certificate or a valid substitute teaching certificate registered in Suburban Cook County-Area 14." (Defs.' Mem. Supp. Mot. Summ. J., Ex. 3, Hernandez Aff. ¶ 3; Defs.' LR 56.1(a) Stmt. ¶ 9.)[3] Day did not submit a certificate until November 2009, eight months after he completed the online application, and the one he submitted had expired in 2007. (*See* Defs.' Mem. Supp. Mot. Summ. J., App. A, Day Dep. at 85-88.)

During the 2008-09 and 2009-10 school years, Lupe Hernandez was the District's personnel secretary and was responsible for printing online substitute teacher applications and accepting documents the applicants submitted. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 16.) Before the start of each school year, Hernandez compiled a list of potential substitute teachers for the year. (*Id.* ¶ 17.)[4] The only people she included on the lists were those who submitted an application and the required

---

[3]Plaintiff "denies that person [sic] had to hand over directly such matters to the district" because "District uses consortium system of Regional Superintendent of Suburban [sic] for gather [sic] information." (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 9.) The only evidence he cites to support his assertion is a document with the heading "Suburban Cook County Regional Office of Education" that is apparently given to teacher applicants after they have been fingerprinted. (*See id.*; Pl.'s Resp. Defs.' Mot. Summ. J., Ex. FF.) The document does not even mention the District, let alone state that the District does not require substitute teacher applicants to submit copies of their teaching certificates.

[4]Plaintiff denies this fact but offers no evidence to support the denial.

3

documents and those who were on prior years' lists and had maintained their credentials. (*Id.* ¶¶ 18-19.)[5] School principals and support personnel then reviewed the applications to determine whether an applicant was qualified to fill a particular vacancy. (*Id.* ¶ 22.) The District did not hire Day as a substitute teacher during the 2008-09 or 2009-10 school years. (*Id.* ¶ 47.)

## Discussion

To prevail on a summary judgment motion, "the movant [must] show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

In Count I, Day asserts a § 1983 discrimination claim against defendant Hagerman in his individual capacity. Hagerman can be held personally liable under that statute only if he was "responsible for the improper conduct." *McPhaul v. Bd. of Cmm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). This requirement is satisfied if there is evidence that Hagerman "act[ed] or fail[ed] to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occur[red] at [his] direction or with [his] knowledge and consent." *Id.* (quotation omitted).

---

[5]Plaintiff denies paragraph 18 in part but not the facts cited here, and he provides no response to paragraph 19.

There is no such evidence here. Rather, it is undisputed that substitute teacher hiring decisions were made by the District's personnel secretary and school principals and staff. (*See* Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 16-19, 22.)[6] There is no evidence that suggests Hagerman told those people whom to hire or had any other involvement in this process. Accordingly, there is no basis for holding him personally liable.

That leaves Day's Title VII and § 1983 claims against the District. He attempts to defeat defendants' motion on these claims by using the indirect method of proof. *See Radentz v. Marion Cnty.*, 640 F.3d 754, 757 (7th Cir. 2011) (stating that the same standards for proving intentional discrimination apply to claims under Title VII and the equal protection clause). To do so, he must first establish a *prima facie* case of discrimination by offering evidence that suggests, among other things, that he was qualified for the substitute teacher position and the District gave the job to an equally or less qualified person who is not African American. *Grigsby v. LaHood*, 628 F.3d 354, 358 (7th Cir. 2010) (setting forth the elements of the *prima facie* case).

The District asserts that Day's undisputed failure to provide it with a copy of a valid teaching certificate establishes that he was not qualified for the position. Day argues that: (1) providing a valid certificate is not a bona fide application requirement; and (2) even if it were, his failure to do so was harmless because the District could have determined on its own whether he had a valid certificate. (*See* Pl.'s Resp. Defs.' Mot. Summ. J. at 4.) Day offers no evidence to support the first assertion. (*See* Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 9.)[7] Moreover, the second, even if it is true, does not contradict the undisputed fact that he did not give the District proof of his certification as

---

[6]*See* nn.4 & 5.

[7]*See* n.3.

5

it required.  Because the record establishes that Day did not submit a copy of a valid teaching certificate to the District, he has not created a triable fact issue as to whether he was qualified for the substitute teacher job.  *See Graves v. Clinton*, No. 2:10-cv-03156 MCE KJN PS, 2011 WL 5024500, at *14-15 (E.D. Cal. Oct. 20, 2011) (holding that plaintiff had not satisfied the qualification element of the *prima facie* case because he had "not verif[ied] or substantiate[d] the educational requirements," which was "an express, basic requirement for the position sought").

Even if Day had created a fact issue as to his qualifications, he would still have to satisfy the last element of the *prima facie* case, which requires him to show that the applicants hired in his stead were equally or less qualified non-African Americans.  Day identifies some non-African-Americans who were hired (*see* Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 49-50), but he does not state the positions each filled or explain how his qualifications for those positions were equal to or better than theirs.  Instead, he simply concludes that the District hired people with "lessor [sic] qualification [sic] than plaintiff" and "less experience then [sic] plaintiff."  (Pl.'s Resp. Mot. Summ. J. at 4.)  Such unsupported assertions do not create a genuine issue of material fact as to the qualifications of the successful applicants.  *See Palermo v. Clinton*, 784 F. Supp. 2d 936, 946 (N.D. Ill. 2011) (stating that "uncorroborated, conclusory statements" about other individuals' qualifications are insufficient to make a *prima facie* case of discrimination).

**Conclusion**

For the reasons set forth above, the Court finds that there is no genuine issue of material fact on the claims Day asserts against defendants, who are entitled to judgment as a matter of law. The Court, therefore, grants defendants' motion for summary judgment [165] and terminates this case.

**SO ORDERED.**                ENTERED:  **March 19, 2013**


_____
**HON. RONALD A. GUZMAN**
**United States District Judge**