IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. DAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 10 C 4426 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| RIVER FOREST SCHOOL DISTRICT | ) | |
| 90 and THOMAS HAGERMAN, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") [dkt. 260]. The defendants seek sanctions on the bases that Mr. Day filed a frivolous complaint and improperly continued to litigate this matter after it was clear that his claims lacked factual support. For the reasons stated below, the Court recommends that the district judge grant the motion and sanction Mr. Day in the amount of $250.00 payable to the defendants.

### **BACKGROUND**

Mr. Day is a well-known *pro se* litigant in the Northern District of Illinois. At the time that Mr. Day filed the present case, Mr. Day had filed sixteen other cases *pro se* in this District. Mr. Day filed the present case *pro se* on July 15, 2010, alleging that he was not hired by the defendants as a substitute teacher because he was black. Although Mr. Day's complaint contained several legal theories for recovery, District Court Judge Blanche Manning dismissed all of Mr. Day's claims except for his Section 1983 and Title VII claims.[1] The defendants filed a

---

[1] Dkt. 5.

1

series of motions to dismiss, but these claims survived, and the defendants moved for summary judgment based on Mr. Day's third amended complaint.[2]

The third amended complaint alleged that the defendants had a policy of not hiring black substitute teachers and that the Superintendent explicitly told Board Members and other decision makers not to hire certain individuals because they were black.[3] Mr. Day accused the defendants of having "hidden documents" regarding the number of substitute teachers it hired during various school years.[4] Mr. Day also asserted that he had the same or better qualifications than those substitute teachers that were actually hired.[5]

Despite these allegations, Mr. Day was unable to identify any persons or documents to support his claims in his Rule 26(a) statement. When asked to identify persons with knowledge Mr. Day responded that he was unable to remember names; or the persons were not known. On October 13, 2011, Chief Judge James F. Holderman entered an order, on behalf of the Executive Committee of the Northern District of Illinois finding that Mr. Day had filed seventeen cases in the Northern District many of which had been dismissed for reasons such as lack of jurisdiction, no claim, want of prosecution, defendant's motion to dismiss or a motion for summary judgment. The Executive Committee Order required Mr. Day to receive leave from the Executive Committee to file any further cases.[6]

After answering Mr. Day's third amended complaint, the defendants sought to take Mr. Day's deposition. Mr. Day failed to appear at two scheduled depositions and the defendants moved to compel it. At a November 16, 2011 status hearing Mr. Day agreed to attend his deposition which was rescheduled to December 6, 2011, and to produce any documents he had

---

[2] Dkt. 165.
[3] Third Amend. Compl. ¶¶12-13.
[4] *Id.* at ¶8.
[5] *Id.* at ¶10.
[6] *In the Matter of Michael Day,* 11 C 7205 (N.D. Ill. Oct. 13, 2011).

and were not subject to privilege. The Court noted that Mr. Day failed to produce any documents or the names of witnesses to date.[7] On November 28, 2011, the defendants sent Mr. Day a letter notifying him that if he does not dismiss his lawsuit, they would seek Rule 11 sanctions.[8] The defendants claimed that Mr. Day's lawsuit was frivolous. They pointed to the fact that there was still no documentation or other evidence that had been produced to support his claims.

On December 6, 2011, Mr. Day's deposition was taken. Mr. Day testified that he did not talk to anyone about his application for a substitute teacher; acknowledged that his teaching certificate was expired at the time he applied; and could not remember if he had a valid teaching certificate. Mr. Day explained that the basis for the allegations in his third amended complaint was that the defendants had "few black teachers and I lived next to a large percent of black persons."[9] He also stated that he was "pretty sure" that he was more qualified than the other substitute teachers that were hired.[10] Mr. Day did not explain how he came to this conclusion and in fact stated that he did not have the exact information regarding anyone else's qualifications. Mr. Day could not name any specific person that was treated more favorably than him, white or black. When questioned about his allegations regarding statements made by the Superintendent, Mr. Day could not identify any statements, specifically or generally.[11]

After Mr. Day's deposition was taken, this Court allowed Mr. Day to complete his own discovery. By February 8, 2012, the defendants had provided Mr. Day with its records for the school years at issue and this Court found that their production was sufficient, despite Mr. Day's objections.[12]

---

[7] Defs. Mtn. for Sanctions, Ex. C, November 16, 2011 Hearing Trans. 7-8.
[8] Defs. Mtn. for Sanctions, Ex. G.
[9] Defs. Mtn. for Sanctions, Ex. D, Day Dep. 99, December 6, 2011.
[10] *Id.*
[11] *Id.* at 99-101.
[12] Dkt. 133. There were a number of hearings on defendants' responses to discovery requests filed by Mr. Day, which consumed a considerable amount of both the Court and counsel's time. The Court compliments counsel for

On October 2, 2012, the defendants filed their motion for summary judgment.[13] Even after the motion for summary judgment was filed, Mr. Day continued to file motions to address the rulings on the discovery issues that he disagreed with.[14] These motions were denied.[15] Briefing on the motion for summary judgment was completed by February 7, 2013 and the case was reassigned to District Judge Ronald A. Guzmán.

On March 19, 2013, Judge Guzmán entered a memorandum opinion and order granting summary judgment to the defendants.[16] Judge Guzmán held that there was not genuine issue of fact because Mr. Day was unable to establish that he was qualified for the position. Judge Guzmán pointed to Mr. Day's failure to timely provide the defendants with a copy of his teaching certificate and that the certificate that was ultimately provided was expired. The district court rejected Mr. Day's argument that the defendants could have and should have determined on its own whether he had a valid teaching certificate.[17]

In addition to failing to show that he was qualified for the position, Judge Guzmán also found that Mr. Day failed to show that the substitute teaching positions he sought were filled by non-African-Americans. Judge Guzmán noted that Mr. Day did identify non-African-Americans who were hired, but failed to articulate what positions they were hired for or how their qualifications compared to his own. Judge Guzmán concluded that Mr. Day's allegations and arguments were conclusory and not sufficient to avoid summary judgment.[18]

After summary judgment was entered, Mr. Day filed a motion to reconsider and a motion to file a fourth amended complaint. Judge Guzmán ordered a briefing schedule on the motion to

---

the defendants for its patience and willingness to cooperate in the discovery process in what ultimately was judge a case without merit.
[13] Dkt. 165.
[14] Dkt. 173 and 175.
[15] Dkt. 172 and 177.
[16] Dkt. 206.
[17] *Id.*
[18] *Id.*

reconsider and Mr. Day's reply brief was due by May 20, 2013.[19] Mr. Day failed to timely reply and Judge Guzmán entered an order denying the motion on May 23, 2013.[20] Mr. Day then filed his reply after the order was entered.[21] After his motion to reconsider was denied, Mr. Day filed three notices of appeal of Judge Guzmán's summary judgment order and motion to reconsider order and orders related to discovery.[22] On December 4, 2013, all of Mr. Day's appeals were dismissed for lack of jurisdiction, due to his failure to file them in a timely manner.[23]

On December 18, 2013, the defendants filed the present motion for sanctions pursuant to Rule 11 and it was fully briefed.[24]

## DISCUSSION

The defendants argue that sanctions against Mr. Day are appropriate because he continued to litigate this matter even after he was warned that there was no evidentiary support for the allegations in his complaint. In support of their motion, defendants point out that Mr. Day initially failed to attend his deposition and the actions he took after summary judgment was granted in favor of the defendants.

Mr. Day argues that Rule 11 sanctions are not appropriate because he did not willfully violate any of the Federal Rules of Civil Procedure. He states that there was a miscommunication regarding his missed deposition, and that he had a valid basis for filing his discrimination claim. Mr. Day further explains that he did not have the benefit of the information he received in discovery prior to filing his case. Mr. Day does not address the actions, referred to by the defendants, that he took post-summary judgment.

---

[19] Dkt. 210.
[20] Dkt. 220.
[21] Dkt. 221.
[22] Dkt. 222, 229, 240.
[23] Dkt. 255, 257, 259.
[24] Dkt. 260.

A Rule 11 motion for sanctions may be filed up to 90 days after judgment is entered.[25] The party seeking sanctions is required to give the opposing party notice and an opportunity to respond, prior to filing a Rule 11 motion for sanctions.[26] The court may award sanctions pursuant to Rule 11 if it finds that a party, attorney, or law firm, has presented "a pleading, written motion, or other paper" for an improper purpose or the statements contained therein are not supported factually or legally.[27] Not only can a party be sanctioned for failing to initially investigate a matter, but a party can also be sanctioned if it continues "to advocate a claim that lacks a legal or factual basis."[28] Where appropriate, the court can issue both monetary and non-monetary sanctions to prevent the filing of future frivolous lawsuits.[29] While the court may consider a litigants *pro se* status, a *pro se* litigant is not excused from the requirements of Rule 11 and may be sanctioned for improper conduct.[30]

As an initial matter, the Court finds that the defendants complied with the notice requirement of Rule 11 through its November 28, 2011 letter to Mr. Day and has timely filed its motion for sanctions.[31] The Court also recommends that the district court find that Mr. Day's continued litigation of this matter, after his December 6, 2011 deposition, is sanctionable.

Mr. Day focuses his argument against sanctions on the basis that his initial filing of this case was not frivolous. His argument is that he needed the benefit of discovery to determine whether he had a race discrimination claim. The Court appreciates this argument, however, Mr. Day ignores the fact that Rule 11 also applies to Mr. Day's conduct after the initial filing of his complaint. In the case at bar, in spite of his own admissions in his Rule 26(a) report, and six-

---

[25] *Matrix IV, Inc. v. American National Bank and Trust Co. of Chicago*, 649 F. 3d 539, 553 (7th Cir.)
[26] Fed. R. Civ. P. 11
[27] Fed. R. Civ. P. 11.
[28] *Philos Technologies, Inc. v. Philos & D, Inc.,* 943 F. Supp. 2d 880, 883 (N.D. Ill. 2013).
[29] *Portman v. Andrews*, 249 F.R.D. 279, 283 (N.D. Ill. 2007).
[30] *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1443 (7th Cir. 1990); *Pfeifer v. Valukas*, 117 F.R.D. 420, 423 (N.D. Ill. 1987).
[31] *Matrix IV, Inc.*, 649 F.3d at 533.

months later during his deposition, Mr. Day was still unable to articulate the basis for his claim or what evidence he had to support his claim. Despite the fact that discovery had not produced any evidence of discrimination, Mr. Day continued to vigorously litigate this matter. Mr. Day continued to file discovery motions, appeal this Court's discovery rulings, and move for reconsideration before the District Judge. Even more disturbingly, Mr. Day continued to litigate after summary judgment was entered in favor of the defendants by filing *three* untimely notices of appeal. Mr. Day's continued litigation of this matter, after it was clear there was no evidentiary basis to support his claims constitutes a violation of Rule 11 and warrants the imposition of sanctions.[32]

The defendants request sanctions in the form of attorneys' fees, costs, and an injunction preventing Mr. Day from filing any further cases related to this matter. In regards to the requested injunction, Mr. Day has already been placed on the Northern District's restricted filer list and may only file a case with the appropriate leave to do so.[33] Therefore, the request for injunctive relief is moot and the Court does not recommend any further relief in that respect.

In regards to the request for monetary sanctions, the Court believes that a small monetary sanction is necessary in this matter. In the case at bar, Mr. Day was explicitly cautioned about evaluating the factual sufficiency of the cases he had pending. He was warned when the Northern District of Illinois' Executive Committee issued its order, *In the Matter of Michael Day*, and again by the defendants' November 28, 2011 letter. Despite these warnings, Mr. Day seemed to increase the litigation, as opposed to reevaluating and determining the merits of the present case.

---

[32] *Philos Technologies, Inc.*, 943 F.Supp.2d at 883.
[33] *In the Matter of Michael Day,* 11 C 7205 (N.D. Ill. Oct. 13, 2011).

The lack of impact of the Executive Committee's order indicates that something more than an injunction is necessary to stress the importance of Mr. Day's compliance with Rule 11.[34]

The defendants state that they have spent $123,416.00 in attorneys' fees litigating this case. Although, the defendants did not submit a petition for fees, the Court does not doubt that this amount was spent due to the extensive docket activity in this case. However, Mr. Day filed this matter *in forma pauperis* and in his response brief stated that he only made $6,500.00 last year. Based on these facts, even if a petition for fees was filed, it is unlikely that the defendants would be able to recover anything close to its fees in this case.[35] Accordingly, the Court recommends a modest monetary sanction of $250.00 be imposed due to Mr. Day's egregious conduct in this case.

Specific written objections to this report and recommendation may be served and filed within 14 business days from the date that this order is served.[36] Failure to file objections with the district court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation.[37]

**ENTERED: April 9, 2014**

**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**

---

[34] *Portman*, 249 F.R.D. at 283.
[35] *Id.*
[36] Fed. R. Civ. P. 72(b)
[37] *See Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).